IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS LEE BELL, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2377-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Curtis Lee Bell, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner was convicted of murder and sentenced to 40 years confinement. No appeal was taken. Instead, petitioner challenged his conviction and sentence on collateral review in state and federal court. Three state writs were denied without written order. *Ex parte Bell*, No. 34,737-01 (Tex. Crim. App. Aug. 13, 1997); *Ex parte Bell*, No. 34,737-02 (Tex. Crim. App. Jan. 14, 1998); *Ex parte Bell*, No. 34,737-03 (Tex. Crim. App. Nov. 16, 2005). A federal writ of habeas corpus was dismissed on limitations grounds. *Bell v. Johnson*, No. 3-98-CV-0784-G (N.D. Tex. Aug. 3, 1998), *COA denied*, No. 98-11018 (5th Cir. Feb. 8, 1999).

Petitioner now seeks federal habeas relief for a second time. His sole argument is that the state violated his constitutional rights when an unidentified witness recanted his testimony regarding

a prior aggravated assault conviction alleged in the indictment for enhancement purposes. Before addressing this claim, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   December 28, 2005.

*[signature]*
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE